## ALBERT MANUEL v. THE STATE.

### No. 4943. Decided April 3, 1918.

**Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was insufficient to sustain the conviction, the same can not be sustained on appeal. Prendergast, Judge, dissenting.

Appeal from the District Court of Fayette. Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John T. Duncan*, for appellant.—On question of the insufficiency of the evidence: Lehman v. State, 18 Texas Crim. App., 174; Robinson v. State, 22 id., 690; Moreno v. State, 24 id., 401; Field v. State, 24 id., 422; Bryant v. State, 25 id., 751; Clark v. State, 30 id., 402; Leonard v. State, 57 Texas Crim. Rep., 254.

*E. B. Hendricks*, Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant has appealed from a conviction for burglary with the lowest penalty assessed.

He contends the evidence was insufficient to sustain the conviction. The majority of this court is of opinion that this contention should be sustained. This writer is of the opinion that the evidence was sufficient. In deference to the opinion of the majority the judgment will be reversed.

It will be unnecessary to discuss or decide any other question. A brief statement only of the testimony will be given. Most of the material facts were proven without contradiction. They show that on the last Saturday night of November Frank Mika's saloon at Plum was broken into and a considerable quantity of liquor in bottles, and two jugs of liquor and some cigars were stolen. The entry was effected by force through one of the back windows. One of the window panes had before been broken. Through this broken pane, by removing the wire gauze nailed over the window, a person could insert his hand and remove the fastening above the window sash and by raising it and tearing off the gauze entrance of the whole body of a person could be made, and this was shown to have been the manner in which the entry was made that night. It was shown by witnesses that appellant was at this back window the Saturday before the night of the burglary and at the time to have seen the condition of the window, and as one of the witnesses expressed it, appellant was trying with his finger on the broken window pane—"and tried with his fingers this broken glass; I mean that he fooled with the window."

The burglary and theft was discovered early Sunday morning. The owner called an officer and he and others being told about appellant being at this window and manipulating it the day before, went to his house, about half a mile distant, to search for the stolen property. They found none of it in his residence, but did find in his crib secreted two jugs of the stolen liquor and some of the stolen cigars. Appellant had denied before then to the officer having any liquor on his place. He was not with the officer and owner when they found these two jugs of liquor and some of the cigars. They then got and took him to the crib, showed him what they had found and asked him about it. He then stated that he knew nothing about it, had not placed it there himself and laid no claim to it. This, in brief, is the substance of the testimony.

Under the opinion of the majority that the evidence is insufficient to sustain the verdict the judgment is reversed and the cause remanded.

*Reversed and remanded.*